IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

VINCENT JOHN BAZEMORE JR., §
Reg. No. 37160-177, §
    Plaintiff, §
     §
v. § EP-10-CV-291-FM
     §
B. EDWARDS, §
F.T.C. Oklahoma Unit Manager, §
    Defendant. §

## ORDER ACCEPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff Vincent John Bazemore Jr., an inmate at the La Tuna Federal Correctional Institution in Anthony, Texas, proceeding *pro se* and *in forma pauperis*, is pursuing a civil action alleging that Defendant B. Edwards, a unit manager at the Federal Transfer Center in Oklahoma City, Oklahoma, denied him access to the courts and retaliated against him. Plaintiff seeks damages for Defendant's alleged violations of his constitutional rights.

Currently before the Court for its consideration are Plaintiff's complaint [ECF No. 5], Defendant's motion to dismiss [ECF No. 20], Plaintiff's reply [ECF No. 23], Plaintiff's motion to supplement [ECF No. 26], Defendant's objections to the motion to supplement [ECF No. 27], and Plaintiff's reply [ECF No. 28]. Also before the Court is the report and recommendation of the United States Magistrate Judge to whom this matter was referred.[1] In his report, the Magistrate Judge recommends that the Court grant Plaintiff's motion to supplement, grant Defendant's motion to dismiss, and dismiss Plaintiff's complaint. The Magistrate Judge reasons that Plaintiff has not (1) exhausted his administrative remedies, (2) filed his complaint in the proper venue, or (3) made out a *prima facie* case of personal jurisdiction over the Defendant.

---

[1] *See* 28 U.S.C.A § 636(b)(1)(B) (West 2011) (permitting a district court, on its own motion, to refer a pending matter to a United States Magistrate Judge for a report and recommendation).

The Magistrate Judge gave Bazemore fourteen days to file written objections to his proposed findings, conclusions, and recommendations.[2] A party who files timely written objections to a magistrate judge's report is entitled to a "de novo" review of those portions of the report to which the party objects.[3] As to other portions of the report or when a party does not file written objections, the Court applies a "clearly erroneous, abuse of discretion and contrary to law" standard of review.[4] After completing its review, the Court may accept, reject, or modify the report, in whole or in part.[5] To date, Bazemore has not responded to the report.[6]

Accordingly, after reviewing the report, the Court finds that the Magistrate Judge's proposed findings of fact and conclusions of law are neither clearly erroneous nor contrary to law.[7] Therefore, the Court enters the following orders:

---

[2] *See* 28 U.S.C.A. § 636(b)(1) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."); FED. R. CIV. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.").

[3] *See* 28 U.S.C.A. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); FED. R. CIV. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

[4] *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) ("[T]he 'clearly erroneous, abuse of discretion and contrary to law' standard of review . . . is appropriate . . . where there has been no objection to the magistrate's ruling.").

[5] *See* 28 U.S.C.A. § 636(b)(1)(C) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions."); FED. R. CIV. P. 72(b) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").

[6] *See Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988) ("[A] party is not entitled to de novo review of a magistrate's finding and recommendations if objections are not raised in writing by the aggrieved party . . . after being served with a copy of the magistrate's report.").

[7] *Wilson*, 864 F.2d at 1221.

1. The Court **ACCEPTS** the Magistrate Judge's report and recommendation.

2. The Court **GRANTS** Plaintiff Vincent John Bazemore Jr.'s motion to supplement [ECF No. 26].

3. The Court **GRANTS** Defendant B. Edwards's motion to dismiss [ECF No. 20].

4. The Court **DISMISSES** Plaintiff Vincent John Bazemore Jr.'s complaint [ECF No. 5] **WITHOUT PREJUDICE**.

5. The Court **DENIES** all pending motions, if any, as moot.

**SIGNED** on this \_\_\_\_21\_\_ day of **June, 2011.**

_____
**FRANK MONTALVO
UNITED STATES DISTRICT JUDGE**